**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

**IN RE SHUR-VALU STAMPS, INC.** **DEBTOR**

**CASE NO. 4:09BK13183**
**AP NO. 4:11AP01151**

**M. RANDY RICE, Chapter 7 Trustee for**
**SHUR-VALUE STAMPS, INC. et al.** **PLAINTIFF**

**v.** **CASE NO. 4:11MC00024 BSM (Lead case)**
**CASE NO. 4:11MC00025 BSM (Consolidated case)**
**CASE NO. 4:11MC00026 BSM (Consolidated case)**
**CASE NO. 4:11MC00027 BSM (Consolidated case)**
**CASE NO. 4:11MC00028 BSM (Consolidated case)**

**JOHN MILLS et al.** **DEFENDANTS**

# ORDER

Defendants David Hendrix, Bob Hudson, John Miller, Larry Cranford, Billy Dickerson, Kevin Doucet, Tandy Key, Dwight Sawyer, Brett Wright, and John Mills move to withdraw the reference of the above-styled adversary proceeding and transfer the case to the United States District Court for the Eastern District of Arkansas. Plaintiff M. Randy Rice, the Chapter 7 Bankruptcy Trustee, objects. For the reasons set forth below, defendants' motion to withdraw is GRANTED.

## I. BACKGROUND

On May 5, 2009, Shur-Value Stamps, Inc. ("Shur-Valu") filed a voluntary petition under Chapter 11 of the bankruptcy code and the case was converted to a Chapter 7

liquidation on August 13, 2009. Shortly thereafter, Rice was appointed as the trustee.

On May 4, 2011, Rice commenced an adversary proceeding against fourteen former Shur-Valu managers and board members. In that adversary proceeding, Rice seeks monetary damages on behalf of Shur-Valu's creditors for: breach of fiduciary duties; avoidance and recovery of preference and fraudulent transfers; avoidance and recovery of unlawful distributions; unlawful loans to directors; unjust enrichment; waste of corporate assets; gross negligence; civil conspiracy to commit fraud; and aiding and abetting breaches of fiduciary duties and fraud. Defendants demand jury trials and move to withdraw the reference of Rice's adversary proceeding. Defendants also move for an order of abstention.

## II. LEGAL STANDARD

The Seventh Amendment provides a right to a jury trial in civil cases so long as the action sounds in law, rather than in equity. *Curtis v. Loether*, 415 U.S. 189, 193 (1974). This right also applies to adversary proceedings brought in a bankruptcy case. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 47-49 (1989). Pursuant to 28 U.S.C. § 157(e), a bankruptcy judge may conduct a jury trial "with the express consent of all the parties." *See also* Fed. R. Bankr. P. 9015(b).

## III. DISCUSSION

Rice alleges that defendants fraudulently transferred assets and that those transfers must be avoided. The action is legal in nature and the parties have a right to a jury trial. *See Granfinanciera*, 492 U.S. at 47-49. Further, none of the defendants consent to have the jury

trial conducted in the bankruptcy court.

Accordingly, defendants' motions to withdraw the reference are granted. The reference is hereby withdrawn with respect to *M. Randy Rice, Trustee for Shur-Valu Stamps, Inc. v. John Mills et al.*, United States Bankruptcy Court for the Eastern District of Arkansas, Adversary Proceeding No. 4:11-ap-01151. The clerk of the bankruptcy court and the clerk of this court are directed to take appropriate action to transfer the adversary proceeding to the undersigned where the proceeding will be docketed as a civil action.

Defendants' motions to abstain will be held in abeyance pending further consideration.

Dated this 7th day of September 2011.

UNITED STATES DISTRICT JUDGE